IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TUNG VAN NGUYEN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CUONG V. NGUYEN, DECEASED, | § § § § | CIVIL ACTION NO._____ |
| Plaintiffs, | § § | Rule 9(h) Admiralty |
| V. | § § | Non-Jury |
| SON QUOC LE AND "F/V CAPT HUNG" *in rem*, | § § § § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**COMES NOW** Plaintiff, TUNG VAN NGUYEN, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CUONG V. NGUYEN, DECEASED, and for his Complaint against Defendants, SON QUOC LE and "F/V CAPT HUNG" *in rem*, alleges and states as follows:

## NATURE OF ACTION

1. This is a case of admiralty and maritime jurisdiction arising from a fatal injury sustained by CUONG V. NGUYEN on September 4, 2017, while he was a member of the crew of the fishing vessel "F/V CAPT HUNG", and brought within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Based on reasonable information and belief the F/V CAPT HUNG is owned, operated, managed and/or maintained by Defendant, SON QUOC LE.

**JURISDICTION, VENUE AND PARTIES**

2. This case is brought pursuant to 46 U.S.C. § 688, which is commonly known as the "Jones Act," as well as general maritime law and the common law. Plaintiff specifically invokes the "Savings to Suitors" clause of 28 U.S.C. § 1333(1) and exercises his right to choose this action in the United States District Court for the Southern District of Texas - Galveston Division.

3. Plaintiff, TUNG VAN NGUYEN ("NGUYEN") INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CUONG V. NGUYEN, DECEASED is a resident and citizen of Houston, County of Harris, State of Texas, United States of America.

4. Defendant, SON QUOC LE ("LE") is an individual "doing business" in the State of Texas, as defined by §17.042 of the Texas Civil Practice and Remedies Code, and does in fact, conduct business in the state and within the boundaries of the Southern District of Texas which constitutes continuous and systematic general business contact within the district. This is comprised of both operating a shrimp boat in the Gulf of Mexico and employing its crew. Accordingly, the exercise of personal jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice. On reasonable information and belief, LE does not have a registered agent for service of process. Accordingly, LE is deemed to have appointed the Secretary of State of the State of Texas as his agent for service. Service may be had on this Defendant by serving the Texas Secretary of State at:

> **Secretary of State, Statutory Documents**
> **1019 Brazos**
> **Austin, Texas 78701**

for forwarding to LE's home office at:

**820 N. Broadway Street**
**Erath, Louisiana 70533**

5. At all times material hereto, LE owned, operated, controlled and employed CUONG V. NGUYEN as a member of the crew of the "F/V CAPT HUNG".

6. Plaintiff reserves the right to join other Defendants as the same are revealed, if at all, through the ongoing discovery process.

## FACTUAL BACKGROUND

7. On or about September 4, 2017, CUONG V. NGUYEN was working on the F/V CAPT HUNG as a Jones Act seaman. While engaged in shrimping activity, CUONG V. NGUYEN sustained a deep laceration to his leg causing a fatal wound. CUONG V. NGUYEN bled to death on the deck of the F/V CAPT HUNG before proper medical care could be administered.

## CAUSE OF ACTION I - UNSEAWORTHINESS

8. The occurrence in which CUONG V. NGUYEN was injured and died, and the injuries that he received were proximately caused by the negligence, as that term is understood in law, of the defendants, their agents, servants and employees, who were acting in the course and scope of their employment for the defendants at all times material to this cause of action. Because Defendants owed CUONG V. NGUYEN a duty to provide a seaworthy vessel, they failed in this respect. Such unseaworthiness of the F/V CAPT HUNG caused and resulted in the injuries and damages sustained by Plaintiffs. These conditions were brought about as a result of the conduct and property of the defendants.

9. In addition to the foregoing, Defendants breached their legal duties owed to CUONG V. NGUYEN and such breach caused damages and injuries Plaintiffs. Defendants breached said

duties by way of illustration and not limitation:

    a. Failing to take reasonable precautions for CUONG V. NGUYEN safety;

    b. Failing to provide a reasonably safe place for CUONG V. NGUYEN to work;

    c. Failing to provide safe equipment for CUONG V. NGUYEN to work with;

    d. Failing to provide proper medical care for CUONG V. NGUYEN's injuries, and;

    e. Failing to provide a seaworthy vessel.

10. Each of the foregoing negligent acts or omissions, whether taken singularly or in combination, was a direct and proximate cause and/or producing cause and/or legal cause of the incident made the basis of this action.

## CAUSE OF ACTION II - JONES ACT NEGLIGENCE

11. This case is instituted under, and is controlled to an extent by, the terms of what is commonly known as the "Jones Act." Plaintiff would show that nothing CUONG V. NGUYEN did or failed to do on the occasion in question caused, or in any way contributed to cause his death. To the contrary, the occurrence in question was proximately caused by the negligence of the Defendant, LE, his agents, servants and employees, who were acting in the course and scope of their employment for the defendant at all times material to this cause of action.

12. In addition to the foregoing, Defendants breached their legal duties owed to CUONG V. NGUYEN and such breach caused damages and injuries Plaintiffs. Defendants breached said duties by way of illustration and not limitation:

    a. Failing to take reasonable precautions for CUONG V. NGUYEN safety;

    b. Failing to provide a reasonably safe place for CUONG V. NGUYEN to

        work;

    c.    Failing to provide safe equipment for CUONG V. NGUYEN to work with;

    d.    Failing to provide proper medical care for CUONG V. NGUYEN's injuries, and;

    e.    Failing to provide an adequate and competent crew;

    f.    Failing to have enough crew members on the vessel to safely discharge their duties and responsibilities; and,

    g.    Failing to do that which a reasonable vessel owner would have done under the same or similar circumstances.

13.    Each of the foregoing negligent acts or omissions, whether taken singularly or in combination, was a direct and proximate cause and/or producing cause and/or legal cause of the incident made the basis of this action.

**CAUSE OF ACTION - GENERAL MARITIME AND COMMON LAW NEGLIGENCE**

14.    In addition, but not waiving any of the foregoing, Plaintiff would show that the occurrence in which CUONG V. NGUYEN died was proximately caused by the negligence of Defendants, their agents, servants and employees, who were acting in the course and scope of their employment for Defendants at all times material hereto.  Defendants breached said duties by way of illustration and not limitation:

    a.    Failing to take reasonable precautions for CUONG V. NGUYEN safety;

    b.    Failing to provide a reasonably safe place for CUONG V. NGUYEN to work;

    c.    Failing to provide safe equipment for CUONG V. NGUYEN to work with;

    d.    Failing to provide proper medical care for CUONG V. NGUYEN's injuries, and;

    e.    Failing to provide an adequate and competent crew;

    f.    Failing to have enough crew members on the vessel to safely discharge their duties and responsibilities; and,

    g.    Failing to do that which a reasonable vessel owner would have done under the same or similar circumstances.

15. Each of the foregoing negligent acts or omissions, whether taken singularly or in combination, was a direct and proximate cause and/or producing cause and/or legal cause of the incident made the basis of this action.

## CAUSE OF ACTION - WRONGFUL DEATH

16. Plaintiff is the brother and personal representative of the Estate of CUONG V. NGUYEN, and hereby brings suit pursuant for wrongful death benefits both under general maritime law and the Jones Act. The decedent left no will and administration of the estate is anticipated.

17. The death of CUONG V. NGUYEN, DECEASED was proximately caused by acts of the defendants as described above. Any damages recovered in this cause of action on behalf of the wrongful death of LUIS ARMANDO GONZALEZ BOCK, DECEASED should be paid to the heirs at law, including Plaintiffs, who are entitled thereto.

## CAUSE OF ACTION - SURVIVAL

18. As personal representative of the Estate of CUONG V. NGUYEN, Plaintiff seeks to recover damages for survival benefits both under general maritime law and the Jones Act. As a result of Defendants' negligence and gross negligence Decedent suffered severe physical injuries that ultimately led to his death. Defendants had the above referenced duties. Defendants breached those duties and Defendants' breaches were the were the cause in fact and the proximate cause of Decedent's death. Furthermore, Defendants' actions were done with reckless disregard to a

substantial risk of severe bodily injury. As such, Plaintiffs are entitled to exemplary damages on behalf of the estate of Decedent.

## DAMAGES

19. As a direct and proximate result of the wrongful death of CUONG V. NGUYEN, DECEASED, Plaintiff suffered emotional harm. This action is maintained to recover all future, as well as past and present damages legally recoverable as a result of the wrongful death in question, including funeral expenses, loss of wages, earning capacity and promotions of the decedent.

20. As a direct and proximate result of the wrongful death of CUONG V. NGUYEN, DECEASED, Plaintiffs suffered direct pecuniary loss, in the past, present and future, consisting of the reasonable cash value of future contributions, services, advice and counsel that the decedent would have rendered Plaintiffs if the decedent lived.

21. As a direct and proximate result of the wrongful death of CUONG V. NGUYEN, DECEASED, Plaintiffs suffered mental anguish, in the past, present and future, consisting of the emotional pain, torment, and suffering it has endured as a result of the death of Decedent.

22. As a direct and proximate result of the wrongful death of Decedent, Plaintiffs are entitled to prejudgment interest on its actual damages and hereby sue for such at the highest lawful rate.

23. Plaintiffs damages clearly exceed the $75,000.00 minimum jurisdictional limits of this Court.

## **PRAYER FOR RELIEF**

For these reasons, Plaintiffs pray that upon trial hereof, Plaintiffs have and will recover actual or compensatory damages (past and future) as set forth above and/or to the fullest extent allowed by

law and which the Court deems to be fair and reasonable; exemplary/punitive damages as described above in an amount the Court deems to be fair and reasonable; costs of court; pre-judgment interest; post-judgment interest at the highest lawful rate until the judgment is satisfied in full; and any further relief, both in law and in equity, to which Plaintiff may be justly entitled.

                Respectfully Submitted,

                */s/  Jack Todd Ivey*
                Jack Todd Ivey
                Attorney-in-Charge
                Texas Bar No. 00785985
                Southern District I.D. No. 17458
                11111 Katy Freeway, Suite 700
                Houston, Texas 77079
                713/225-0015 (Telephone)
                713/225-5313 (Facsimile)
                Email:  contact@iveylawfirm.com

OF COUNSEL:

IVEY LAW FIRM, P.C.